IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIC SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:10 – 1194 |
| | ) |
| UNITED STATES OF AMERICA, | ) Judge Haynes |
| | ) |
| Defendant. | ) Magistrate Judge Bryant |

**DEFENDANT'S PROPOSED INITIAL CASE MANAGEMENT ORDER**

**I.   Jurisdiction and Venue**

This Federal District Court has jurisdiction over this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671 – 2680 et. seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

**II.   Parties' Theories of the Case**

   **A.   Plaintiff's Theory of the Case**

This is a Federal Tort Claims action for monetary damages for personal injuries sustained by Plaintiff.  On November 5, 2009, Eric Sims participated in a guided tour at the Brandon Springs Group Camp in Land Between the Lakes National Recreation Area in Dover, Stewart County, Tennessee.  The Brandon Springs Group Camp in Land Between the Lakes National Recreation Area is physically located within the borders of Tennessee.  Mr. Sims was walking across a wooden bridge.  As Mr. Sims walked across the bridge, rotted wood in the bridge broke away causing Mr. Sims to fall on his right knee.  As a result, Mr. Sims suffered serious bodily injuries.

At all times relevant to this Complaint, all employees, agents, and/or servants of United States Forest Service and its Land Between the Lakes National Recreation Area were acting within the course and scope of their employment for Defendant.

Defendant was negligent in the following particulars: a. Defendant negligently failed to maintain the bridge in a reasonably safe condition; b. Defendant negligently allowed a defective and dangerous condition to exist at the Land Between the Lakes National Recreation Area, including but not limited to the bridge, when Defendant knew, or in the exercise of reasonable care, should have known, that the bridge created an unreasonable risk of harm to those walking on it; c. Defendant negligently created the defective and dangerous condition at the Land Between the Lakes National Recreation Area, including but not limited to the bridge; d. Defendant negligently failed to remedy the bridge's defective and dangerous condition; e. Defendant negligently failed to warn Mr. Sims of the bridge's dangerous condition; and, f. Defendant otherwise failed to exercise due care with respect to the matters alleged in this Complaint. These negligent acts and omissions constitute gross negligence on the part of Defendant. In addition, Defendant's gross negligence resulted in a failure to guard or warn against a dangerous condition, use, structure or activity, including but not limited to the bridge that Mr. Sims was crossing.

Eric Sims' injuries are a direct and proximate result of the negligence and/or gross negligence of Defendant. Eric Sims is entitled to recover damages for serious bodily injuries, pain and suffering, loss of enjoyment of life, permanent scarring and disfigurement, medical expenses, loss of earning capacity, and all other damages allowed under Tennessee law.

### B. Defendant's Theory of the Case

Defendant denies negligence of any kind. In particular defendant denies maintaining its premises in any unsafe condition or being aware of any unsafe condition for which it had a duty to warn. In addition, defendant anticipates asserting a defense under Tennessee's recreational use statute and a discretionary function defense under the FTCA. Other defenses are reserved.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The Parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of the party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on Monday, March 7, 2011, this action is set for a bench trial on __February 7, 2012, at 9:00 a.m.__ .

If this action is to be settled, the Law Clerk shall be notified by noon, __February 3, 2012__. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held __January 23, 2012, at 3:00 p.m.__. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on September 8, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by September 8, 2011. All discovery related statements shall be filed by the close of business on September 22, 2011. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and *Daubert* motions shall be filed by the close of business on September 29, 2011, and any response thereto shall be filed by the close of business on October 29, 2011. Any reply shall be filed by the close of business on November 6, 2011.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict Compliance is required to Rule 569.01, Local Rules of Court, relating to motions for summary judgment.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business on September 29, 2011, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B)).

By the close of business on October 29, 2011, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on October 29, 2011.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least fifteen (15) days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any *Daubert* challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the _____ day of __October_____, 2011.

_____
John S. Bryant
United States Magistrate Judge

**APPROVED FOR ENTRY BY:**

JERRY E. MARTIN
United States Attorney
Middle District of Tennessee

By:  s/S. Delk Kennedy, Jr.
S. DELK KENNEDY, JR.
B.P.R. #009799
Assistant United States Attorney
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN  37203
(615) 736-5151
Delk.kennedy@usdoj.gov